**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEXANDER STROSS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COMPASS, INC., a Delaware Corporation, individually and d/b/a COMPASS.COM; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 1:21-cv-5904<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ALEXANDER STROSS ("Stross" or "Plaintiff"), by and through the undersigned counsel, for his complaint against Defendant Urban Compass, Inc., individually and d/b/a Compass (collectively, "Compass"), and Does 1-10, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Stross is an individual residing in Austin, Texas.

5. Upon information and belief, Plaintiff alleges that Compass is a corporation organized and existing under the laws of the state of Delaware, with its primary place of business located at 90 Fifth Avenue, Third Floor, New York, NY 10011, and is the owner of https://www.compass.com/.

6.     Upon information and belief, Plaintiff alleges that Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of the Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants Does 1 through 10 by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.     Upon information and belief, Plaintiff alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO PHOTOGRAPHS USED IN BREACH OF LICENSE**

8.     Stross is a professional photographer who owns seventy-two (72) original photographs of real estate subjects that were registered with the United States Copyright Office under U.S. Copyright Reg. Nos. VAu 1-088-759 (registered on November 10, 2011); VAu 1-101-527 (registered on April 27, 2012); VAu 1-103-498 (registered on April 9, 2010); VAu 1-117-070 (registered on September 18, 2012); VAu 1-129-745 (registered on January 30, 2013); VAu 1-201-815 (registered on February 10, 2015); VAu 1-216-750 (registered on August 12, 2015); VAu 1-17-544 (registered on August 18, 2015); VAu 1-219-537 (registered on July 7, 2015); VAu 1-241-915 (registered on March 25, 2016); VAu 1-267-401 (registered on February

13, 2017); and VAu 1-273-527 (registered on May 10, 2017), respectively (collectively, the "ABOR Photographs"). True and accurate copies of the ABOR Photographs are set forth in **Exhibit 1**. Stross is the sole owner of the exclusive rights in the ABOR Photographs.

9. Compass was granted a license to display the ABOR Photographs on its website, https://www.compass.com/, for the purpose of promoting homes for sale through specific real estate listings (the "License").

10. This License was granted by the Austin Board of Realtors Multiple Listing Service ("ABOR MLS") and was subject to the ABOR MLS Rules and Regulations restricting the use of the ABOR Photographs to Participants, Subscribers, or Appraisers as defined by the ABOR MLS. This License expired upon the sale of the property which used the ABOR Photographs for promotional purposes.

11. Following the expiration of this license, Compass, DOE Defendants, and each of them continued to use the ABOR Photographs without Plaintiff's authorization for commercial purposes in various ways, including on websites such as https://www.compass.com/ and Compass' LinkedIn, Pinterest, and Twitter. True and accurate copies of screen captures of Compass' use of the ABOR Photographs are set forth in **Exhibit 1**.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

12. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

13. Upon information and belief, Stross alleges that Defendants, and each of them, had access to the ABOR Photographs, including through Stross' website and social media accounts, and/or through viewing the ABOR Photographs on third-party websites (e.g., Tumblr, Pinterest, etc.).

14. Upon information and belief, Stross alleges that Defendants, and each of them, used and distributed images of the ABOR Photographs, and exploited said images in multiple website posts, without Stross' authorization or consent.

15. Due to Defendants', and each of their, acts of copyright infringement, Stross has suffered damages in an amount to be established at trial.

16. Due to Defendants', and each of their, acts of copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the ABOR Photographs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the ABOR Photographs in an amount to be established at trial.

17. Upon information and belief, Stross alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Stross' rights, such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents, and anyone working in concert with them, be enjoined from displaying, publishing, transmitting, reproducing, or otherwise using the ABOR Photographs in a manner that exceeds the scope of the License and thereby infringes Stross' copyrights in the ABOR Photographs;

b. That Stross be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: July 8, 2021

Respectfully submitted,

DONIGER / BURROUGHS

By: */s/ Scott Alan Burroughs*

Scott Alan Burroughs
scott@donigerlawfirm.com
Laura Zaharia
lzaharia@donigerlawfirm.com
231 Norman Avenue, Suite 413
Brooklyn, New York 11222
(310) 590-1820
*Attorneys for Plaintiff*